## Commonwealth v. Frazier

*Thomas N. Griggs*, for appellant.

*William Anderson, Jr.*, for Commonwealth.

SMITH, J., February 19, 1935.—This case comes before the court upon appeal from the action of the Secretary of Revenue on November 23, 1934, when he notified the petitioner that, as a result of hearing held pursuant to the provisions of section 7 of the Uniform Automobile Liability Security Act of May 15, 1933, P. L. 553, the petitioner would be required to furnish proof of financial responsibility in lieu of having his operating privilege suspended, and that failure to furnish such proof within the next 15 days would constitute a formal suspension of his said privilege. No proof of financial responsibility has been furnished, the 15 days allowed to furnish the same have elapsed, and the operating privilege of the petitioner is suspended.

The authority of the Secretary of Revenue, relied upon as set forth in section 7, reads:

"Whenever the secretary shall revoke or suspend an

operator's license or shall suspend the operating privilege of a nonresident for violation of the laws regulating the operation of motor vehicles on the highways, as may now or hereafter be provided by law, such license or operating privilege shall not be renewed unless and until the former holder of the license or privilege has furnished proof of financial responsibility; and whenever the secretary for any such violation has the right in his discretion to revoke or suspend an operator's license or the operating privilege of a nonresident but is disposed in the exercise of his discretion not to do so, he may, nevertheless, suspend such license or operating privilege until the holder thereof has furnished proof of financial responsibility."

An examination of the act reveals that there is no provision for an appeal to the common pleas or any court from the exercise by the Secretary of Revenue of authority thus granted.

Counsel for petitioner has ably argued that this act is, in effect, an amendment to The Vehicle Code of May 1, 1929, P. L. 905, under which code appeals are permitted from the administrative act of the Secretary of Revenue. The Commonwealth contends that the Uniform Automobile Liability Security Act is not an amending act or it would have been so indicated, that the authority relied upon by the Secretary of Revenue in this particular case is an additional authority intrinsically necessary to give force and effect to the Uniform Automobile Liability Security Act itself, and that it must be construed as an integral part of that act without regard to any other. The court shares this opinion and this appeal will therefore be dismissed. This does not interfere in any way with the petitioner's right to pursue other adequate remedy at law.

## Order

And now, February 19, 1935, the petition for appeal in the above entitled case is overruled and appeal refused.